## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY B. DONAHUE, | No. 4:24-CV-00513 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WELLPATH CORP., *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION

#### APRIL 30, 2024

Plaintiff Kelly B. Donahue filed the instant *pro se* civil rights lawsuit alleging constitutional violations by prison officials and medical providers at SCI Frackville and several Geisinger Hospital employees.  His Section 1983[1] claims sound in deliberate indifference to serious medical needs.  Because Donahue fails to state a claim for relief, the Court will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

## I.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon

---

[1]   42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See* 28 U.S.C. § 1915A(a).

which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-

---

[3]   *Id.* § 1915A(b)(1).

[4]   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[5]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6]   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[7]   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[8]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Donahue proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Donahue, is incarcerated.[14]

## II.    DISCUSSION

The gravamen of Donahue's complaint is alleged deliberate indifference to serious medical needs by SCI Frackville officials, SCI Frackville medical providers, "Wellpath Corporation," and three Geisinger Hospital employees.[15]  In total, he sues thirteen individual Defendants and Wellpath.[16]  He seeks "compensatory and punitive" damages.[17]

---

[10]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12]   *Iqbal*, 556 U.S. at 681.
[13]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[15]   *See* Doc. 1 at 3-8.
[16]   *See id.* at 3-7.
[17]   *See id.* at 9.

Upon review of Donahue's complaint, it is clear that he fails to state a claim upon which relief may be granted.  The Court will address his pleading deficiencies in turn.

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[18]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[19]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[20]  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[21]

Donahue's primary pleading deficiency is his failure to allege personal involvement for each Defendant.  Although he identifies thirteen individual Defendants and a corporate Defendant, he does not include any specific allegations of

---

[18]  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[19]  *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

[20]  *Id.* (quoting *Rode*, 845 F.2d at 1207).

[21]  *See id.* at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

wrongdoing that would establish personal involvement by any Defendant in the purported constitutional violations.

Rather, Donahue simply alleges that "[a]ll named Defendants" violated his Eighth Amendment rights by generally delaying treatment, denying treatment, denying requests for treatment, and denying treatment for nonmedical reasons.[22] Yet Donahue never delineates what each Defendant did or did not do.[23] To plausibly plead a Section 1983 claim, however, Donahue must specify each Defendant's personal involvement in the alleged constitutional misconduct in order to state a claim against them. Accordingly, the Court must dismiss the Section 1983 claims against the individual Defendants under 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

### B.    "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[24] Only "persons" are subject to suit under Section 1983, and entities such as

---

[22]  *See* Doc. 1 at 8.

[23]  Donahue alleges that Superintendent Kathy Brittain "had [him] put in glaringly unhyg[i]enic, pre-op conditions, causing infection," (*id.*), but this single conclusory allegation does not establish deliberate indifference to a serious medical need, as explained below.

[24]  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[25]

Under this well-settled law, any Section 1983 claim against defendant "Wellpath Corporation" must be dismissed, as Wellpath is not a person subject to Section 1983 liability. Moreover, Donahue does not allege an unconstitutional policy or custom by Wellpath such that a Section 1983 suit could be maintained against it through its connection with the government.[26] He asserts only that "they" (presumably, Wellpath employees or agents) waited for his parole decision before scheduling medical consultations, thus delaying treatment for nonmedical reasons.[27] Although such an allegation against an individual defendant could possibly rise to the level of an Eighth Amendment infringement, it does not state an unconstitutional policy or custom by Wellpath.

## C.  Eighth Amendment Medical Indifference

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[28] To

---

[25]  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983).

[26]  *See, e.g.*, *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

[27]  Doc. 1 at 8.

[28]  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[29]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[30]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[31] Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[32]  Claims sounding in mere medical negligence will not suffice.[33]

Assuming that Donahue has stated a serious medical need,[34] his medical deliberate indifference claims fail at the second element.  That is, he has not plausibly alleged facts that would show that any particular Defendant acted with deliberate

---

[29]   *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

[30]   *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

[31]   *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

[32]   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

[33]   *Rouse*, 182 F.3d at 197.

[34]   In the "Injury" section of his form complaint, Donahue asserts that he suffered from "explosive diarrhea, internal and external hemorrhoids, hemorrhoidectomy, bleeding, . . . infection, . . . [and] fistula/fistulotomy."  *See* Doc. 1 at 9.

indifference toward his serious medical needs. Donahue's broad and conclusory allegations that "[all] named Defendants" took general unconstitutional actions (like delaying treatment or denying treatment) is insufficient to plausibly state the second element of a medical indifference claim.

Additionally, Donahue's abbreviated complaint fails to adequately plead causation, the third element. It is impossible to determine from his allegations whether any particular Defendant's conduct caused his harm (or what that harm was). Accordingly, Donahue's Section 1983 claims must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

### D.     State Action

Donahue's Eighth Amendment claims against the Geisinger Hospital employees (Thomas P. Sokaia, Cari Long, and "Cheryl")[35] fail for an additional reason. Only state actors can be subject to Section 1983 liability.[36] Geisinger Hospital is a private hospital, and Donahue has proffered no plausible allegations for why its employees should be deemed state actors or why the care he received there could be considered state action.[37] "Action taken by private entities with the mere approval or acquiescence of the State is not state action."[38]

---

[35]  *See id.* at 6.

[36]  *See* 42 U.S.C. § 1983; *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

[37]  *See Kach*, 589 F.3d at 646.

[38]  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) (citation omitted).

### E.     Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[39]  Donahue will be granted leave to amend in the event that he can plead facts that would plausibly state a Section 1983 claim for deliberate indifference to serious medical needs.

If Donahue chooses to file an amended complaint in conformity with this Memorandum Opinion, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth his claims in short, concise, and plain statements, and in sequentially numbered paragraphs.  Donahue must leave one-inch margins on all four sides of his pleading.[40] He must also name proper defendants and *specify* the offending actions taken by a particular defendant.  This step is particularly critical for Donahue, as his initial complaint is devoid of allegations that demonstrate each Defendant's personal involvement in the purportedly deficient medical care.  Donahue must also sign the amended complaint and indicate the nature of the relief sought.

If Donahue does not timely file an amended complaint, dismissal of his Section 1983 claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

---

[39]    *Grayson*, 293 F.3d at 114.
[40]    *See* LOCAL RULE OF COURT 5.1.

## III.   CONCLUSION

Based on the foregoing, the Court will dismiss Donahue's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted.  Donahue may file an amended complaint in accordance with this Memorandum.  If no amended complaint is timely filed, dismissal without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.  An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge