## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY B. DONAHUE, | No. 4:24-CV-00513 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WELLPATH CORP., *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JULY 23, 2024

Plaintiff Kelly B. Donahue filed the instant *pro se* civil rights lawsuit, alleging constitutional violations by numerous prison officials and medical providers at SCI Frackville, as well as several private hospital employees. His Section 1983[1] claims sound in deliberate indifference to serious medical needs. The Court screened and dismissed Donahue's initial complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief but granted him leave to amend. Presently pending is Donahue's amended complaint. The Court will dismiss the bulk of the amended complaint under Section 1915A(b)(1) and give Donahue the option of filing a second amended complaint or proceeding with the single Section 1983 claim that he properly alleges.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.     STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

[2]     *See* 28 U.S.C. § 1915A(a).

[3]     *Id.* § 1915A(b)(1).

[4]     *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[5]     *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6]     *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Donahue proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Donahue, is incarcerated.[14]

---

[7]   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[8]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[10]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[11]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[12]   *Iqbal*, 556 U.S. at 681.

[13]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

[14]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II.   DISCUSSION

The gravamen of Donahue's lawsuit is alleged deliberate indifference to serious medical needs by SCI Frackville officials, SCI Frackville medical providers, Wellpath, LLC, and Geisinger Hospital employees.[15]  The Court screened Donahue's initial complaint as required by 28 U.S.C. § 1915A(a) and determined that it failed to state a claim upon which relief may be granted.[16]

Specifically, the Court found that Donahue had failed to allege personal involvement for any named Defendant,[17] did not plead an unconstitutional policy or custom by Wellpath,[18] failed to allege deliberate indifference or causation for his Eighth Amendment medical indifference claims,[19] and did not plausibly plead state action for the private hospital employees.[20]  The Court granted Donahue leave to amend and provided him with detailed pleading instructions regarding his amended complaint.[21]

Donahue timely filed an amended complaint.[22]  He did not, however, adhere to this Court's explicit instructions concerning his numerous pleading deficiencies. Rather, Donahue's amended complaint contains many of the same problems that

---

[15]   *See* Doc. 1 at 3-8; Doc. 13 ¶¶ 6-45.
[16]   *See generally* Docs. 11, 12.
[17]   Doc. 11 at 4-5.
[18]   *Id.* at 5-6.
[19]   *Id.* at 6-8.
[20]   *Id.* at 8-9.
[21]   *Id.* at 9-10.
[22]   *See generally* Doc. 13.

plagued his original pleading.  The Court will address these pleading deficiencies
in turn.

## A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be
"predicated solely on the operation of *respondeat superior*."[23]  Rather, a Section
1983 plaintiff must aver facts that demonstrate "the defendants' personal
involvement in the alleged misconduct."[24]  Personal involvement can include direct
wrongful conduct by a defendant, but it can also be demonstrated through
allegations of "personal direction" or of "actual knowledge and acquiescence";
however, such averments must be made with particularity.[25]  Furthermore, it is
equally settled that involvement in the post-incident grievance process alone does
not give rise to Section 1983 liability.[26]

Once again, Donahue's primary pleading deficiency is his failure to allege
personal involvement for each Defendant.  In his amended complaint, he identifies
14 defendants: Superintendent Kathy Brittain; Grievance Coordinator Beth

---

[23]  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[24]  *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

[25]  *Id.* (quoting *Rode*, 845 F.2d at 1207).

[26]  *See id.* at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Luzusky; C.H.C.A. Beth Herb; Wellpath, LLC; Physician Assistant Nicole

Boguslaw; Registered Nurse Sheryl "Doe"; H.S.A. Harris; Nurse "Jane Doe";

Registered Nurse William Knappenberger; Physician Assistant Donald O'Brien;

Acting C.H.C.A. Megan Delpais, Nurse Crystal Waskawitz; Geisinger Hospital

Supervisor Thomas P. Sokala; and Geisinger Hospital physician Carl Long, M.D.[27]

Donahue, however, fails to include specific allegations of wrongdoing that

would establish personal involvement by most of these Defendants in the purported

constitutional violations.  Instead, he once again attempts to lump all Defendants

into a single group in one paragraph,[28] contending generally that they "know the

dangers of the condition[] complained of and after the initial examinations and/or

referrals to have the Plaintiff be scheduled for a specialist only to be informed that

the plaintiff suffered from 'Very Large' internal [e]xtended [h]emorrhoids which

were bleeding" and protruding externally.[29]  He alleges, in conclusory fashion, that

"these employees failed to take any immediate action to abate, or otherwise

minimize, the risks involved in this severe injury if not seen as soon as

possible[.]"[30]

---

[27] Doc. 13 ¶¶ 6-45, 51.
[28] *See id.* ¶ 51.
[29] *Id.*
[30] *Id.* ¶ 52.

As this Court has already explained, such general pleading does not plausibly state personal involvement for a Section 1983 claim.[31]  Donahue's allegations never delineate what each Defendant did or did not do.  To plead a Section 1983 claim, however, Donahue must specify each Defendant's personal involvement in the alleged constitutional misconduct.

The Court observes that Donahue attached over 120 pages of exhibits to his amended complaint, including past grievances and appeals, sick call slips, request slips, and misconduct documents.[32]  It is possible that he is attempting to use these exhibits to show how he believes his Eighth Amendment rights were violated.  But neither the Court nor Defendants are required to wade through Donahue's extensive past prison communications to divine how he feels each Defendant violated his constitutional rights.  Rather, under Federal Rule of Civil Procedure 8, it is Donahue's responsibility to provide "a short and plain statement of the claim showing that [he] is entitled to relief[.]"[33]  Thus, Donahue must allege sufficient facts in his complaint showing that he is entitled to relief on his Section 1983 claims against *each* Defendant he is suing, including—at a minimum—how each Defendant violated Donahue's federal rights.  His amended complaint plainly does not do so with respect to most of the individual named Defendants.

---

[31]   *See* Doc. 11 at 4-5.
[32]   *See* Docs. 13-2, 13-3, 13-4, 13-5.
[33]   FED. R. CIV. P. 8(a)(2).

In a separate section of his amended pleading, Donahue contends that Superintendent Brittain and Grievance Coordinator Luzusky are policy makers and can be held liable for "failure to issue policies regarding the safety and requirements regarding adopting customs that fail to abate risks involved with treatment of inmate medical needs and/or grievances in regards to their needs and the custom of 'protecting your own[.]'"[34]  Although the meaning of this sentence is unclear, it seems that Donahue is attempting to allege that Brittain and Luzusky failed to implement some unspecified yet necessary policy concerning inmate medical treatment.  While such a conclusory allegation does not satisfy the requirements for pleading an Eighth Amendment violation, as will be discussed below, it does suffice to allege personal involvement.  Accordingly, the Court must dismiss the Section 1983 claims against all individual Defendants except Brittain and Luzusky pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

### B.    Eighth Amendment Medical Indifference

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[35]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had

---

[34]   Doc. 13 ¶ 57; *see also id.* ¶¶ 60, 61.
[35]   *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[36]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[37]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[38]  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[39]  Claims sounding in mere medical negligence will not suffice.[40]

Assuming Donahue has stated a serious medical need,[41] his medical deliberate indifference claims fail at the second and third elements.  As to the second element, Donahue has not plausibly alleged facts that would show that any

---

[36]  *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

[37]  *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

[38]  *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

[39]  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

[40]  *Rouse*, 182 F.3d at 197.

[41]  *See* Doc. 13 ¶ 51 (alleging that he was suffering from "internal [e]xtended [h]emorrhoids which were bleeding" and protruding externally); *id.* ¶ 68(b) (alleging that he eventually had surgery, presumably for his hemorrhoids).

particular Defendant acted with deliberate indifference toward his serious medical needs. Donahue's general allegations that all Defendants (grouped into a single unit) knew of his medical conditions and "failed to take any immediate action to abate, or otherwise minimize, the risks involved" are insufficient to plausibly state the second element of a medical indifference claim. They do not establish how any Defendant had knowledge of Donahue's serious medical needs, nor do they demonstrate that any Defendant evinced deliberate indifference toward those needs. Rather, these allegations are mere legal conclusions that essentially parrot the standard for a medical indifference claim, and as such are not entitled to the assumption of truth and may be disregarded.[42]

Additionally, Donahue's amended complaint fails to adequately plead causation, the third element. It is impossible to determine from his allegations whether any particular Defendant's conduct caused his harm (or what that harm was). Accordingly, Donahue's Eighth Amendment medical indifference claims must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

### C.   Failure to Supervise (Failure to Implement a Policy)

Donahue alleges that Brittain and Luzusky violated his Eighth Amendment rights when they failed to implement an unspecified yet necessary policy

---

[42]   *See Connelly*, 809 F.3d at 787.

concerning inmate medical treatment.[43]  This individual liability claim falls under the "failure to supervise" umbrella of Section 1983 claims.

The United States Court of Appeals for the Third Circuit has established a four-part test for determining whether an official may be held liable for failure to supervise through the absence of a policy or practice.  At the outset, the plaintiff must "identify a supervisory policy or practice that the supervisor failed to employ."[44]  The plaintiff must then prove that "(1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure."[45]  In pleading this type of claim, "the plaintiff must identify specific acts or omissions of the supervisor that evidence deliberate indifference and persuade the court that there is a relationship between the identified deficiency and the ultimate injury."[46]

Simple recitation of the elements of this species of failure-to-supervise claim demonstrates that Donahue has not plausibly alleged one.  First, he does not set

---

[43]  *See* Doc. 13 ¶¶ 53, 57.

[44]  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 317 (3d Cir. 2014), *rev'd on other grounds*, *Taylor v. Barkes*, 575 U.S. 822 (2015).

[45]  *Id.* (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989); *Brown v. Muhlenberg Township*, 269 F.3d 205 (3d Cir. 2001)).

[46]  *Brown*, 269 F.3d at 216.

forth the allegedly missing policy with any specificity or detail.  It is impossible to determine from Donahue's amended complaint what policy or practice he believes that Brittain or Luzusky should have implemented.[47]  Donahue must do more than simply assert that Defendants should have implemented some policy or practice that provides better medical care to inmates.  Rather, he must specially allege what that missing policy or practice entails.

His amended complaint is likewise silent as to the four-part test for demonstrating how the allegedly missing policy created an unreasonable risk, that Defendants were aware of this risk and deliberately indifferent to it, or that their failure to implement the supervisory policy caused Donahue's Eighth Amendment injury.  Thus, any Section 1983 failure-to-supervise claim against Brittain and Luzusky must also be dismissed under Section 1915A(b)(1).

### D.    State Action

As with his original complaint, Donahue's Eighth Amendment claims against Geisinger Hospital employees Thomas Sokala and Dr. Long fail for an additional reason beyond lack of personal involvement.  Only state actors can be subject to Section 1983 liability.[48]  Geisinger Hospital is a private hospital, and

---

[47]   To the extent that Donahue asserts that Brittain and Luzusky should have implemented "a clear directive, clear policy, [or] practice" to combat a "deliberate indifference custom" existing within their subordinates, (*see* Doc. 13 ¶ 61), such vague and general assertions do not plausibly state a missing policy or practice for a supervisory liability claim.

[48]   *See* 42 U.S.C. § 1983; *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

Donahue has proffered no plausible allegations for why its employees should be deemed state actors or why the care he received at that outside facility could be considered state action.[49]  "Action taken by private entities with the mere approval or acquiescence of the State is not state action."[50]  Donahue was explicitly warned about this pleading deficiency[51] but has taken no steps to cure it.  The Section 1983 claims against Sokala and Dr. Long will be dismissed with prejudice.

### E.    State-Law Negligence

In Count II, Donahue asserts a claim of negligence, although he does not specify which Defendant or Defendants this claim targets.  Under Pennsylvania law, to establish the tort of negligence, a plaintiff must show that "the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages."[52]

Donahue's amended complaint does not state a negligence claim because he fails to plausibly allege breach and causation.  Like with his Eighth Amendment medical indifference claims, Donahue fails to assert what each Defendant did (or failed to do) that breached the duty of care owed to him.  He simply alleges that "for the aforementioned reasons, Defendants violated their legal obligations owed

---

[49]  *See Kach*, 589 F.3d at 646.

[50]  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) (citation omitted).

[51]  *See* Doc. 11 at 8.

[52]  *Kinney-Lindstrom v. Med. Care Availability & Reduction of Error Fund*, 73 A.3d 543, 563 n.17 (Pa. 2013) (quoting *Merlini ex rel. Merlini v. Gallitzin Water Auth.*, 980 A.2d 502, 506 (Pa. 2009)).

to [him]."[53]  There are, however, no "aforementioned reasons" contained in his amended complaint, and this statement is simply a legal conclusion.

In paragraph 68(a) of his amended complaint, for the first time, Donahue provides some clue as to his allegations of Defendants' wrongdoing other than Brittain's and Luzusky's purported failure to establish a policy.  He contends that unspecified Defendants in the medical department failed to respond to his sick call slips and denied his grievances.  Donahue does not, however, allege who failed to respond to his sick call slips or denied his grievances.  Thus, he has not alleged that any particular Defendant breached a duty of care owed to him.

Donahue's failure to allege breach leads to his failure to plausibly plead causation.  Without identifying each Defendant's actions or inactions that purportedly breached the duty of care owed, Donahue cannot allege that each Defendant's conduct was the proximate cause of his injuries.  His allegations regarding causation are nothing more than a legal conclusion stating that Defendants' "wrongful acts" were "substantial factors in bring about [his] injuries, thus the 'proximate causation' of [his] injuries."[54]

Donahue also raises a state-law *respondeat superior* claim, alleging that the supervisory SCI Frackville Defendants are vicariously liable for the negligence of

---

[53]   Doc. 13 ¶ 68.
[54]   *Id.* ¶ 68(a).

their subordinates.[55]  However, because Donahue has failed to plausibly plead negligence by any "subordinate" Defendant, it follows that he cannot allege that any supervisory Defendant is vicariously liable for that negligent conduct.

### F.      Policy Claim Against Wellpath, LLC

In an attachment that is separate from his amended complaint, Donahue alleges that Wellpath, LLC—the company that provides medical care at SCI Frackville—has an unconstitutional policy that violates his Eighth Amendment rights.[56]  He asserts that Wellpath has established a bonus program whereby medical providers are given cash bonuses if they lower medical expenses and "come in under budget" with respect to costs expended on inmate care, thus incentivizing Wellpath employees to provide less care.[57]  He further alleges that this policy encourages Wellpath employees to "pre-screen" inmate-patients who are perceived to be "hypochondriacs," "troublesome," liars, or malingerers and (presumably) provide inadequate care to those inmates.[58]

These allegations, taken as true, are sufficient to state an unconstitutional policy against Wellpath.  Although Donahue should have included this claim in the body of his amended complaint rather than in an attachment, he is an inmate who is acting *pro se* and should be afforded more leeway than a counseled plaintiff.

---

[55]   *See id.* ¶¶ 70-73.
[56]   *See generally* Doc. 13-6.
[57]   *Id.* at 1.
[58]   *Id.*

### G.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[59]   Donahue will be granted one final, limited opportunity to amend.  His claims against the Geisinger Hospital employees will be dismissed with prejudice.  Donahue has failed to cure numerous deficiencies with the claims against these private-entity employees even after "amendments previously allowed."[60]

The Court observes that, at bottom, Donahue is alleging that certain officials at SCI Frackville failed to provide adequate medical care.  Donahue should focus his claims on the defendant or defendants who were involved in his medical care and who he alleges violated his constitutional rights.  He is further admonished that post-incident denial of a grievance, without more, does not constitute personal involvement for a Section 1983 claim.

If Donahue chooses to file a second amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The second amended complaint should set forth his claims against SCI Frackville officials in short, concise, and

---

[59]   *Grayson*, 293 F.3d at 114.

[60]   *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

plain statements, and in sequentially numbered paragraphs. Donahue must leave one-inch margins on all four sides of his pleading.[61] He <u>may not</u> include legal standards, legal argument, or citations to legal authority unless absolutely necessary to describe a cause of action. Such law and arguments are unnecessary to plead a claim under Federal Rule of Civil Procedure 8 and only serve to lengthen and clutter the complaint.

Donahue must also name proper defendants and *specify the offending actions* taken by a particular defendant. This step is critical, as both his initial and amended complaints are devoid of allegations that demonstrate each Defendant's personal involvement in the purportedly deficient medical care. In his brief in opposition to the pending motion to dismiss, Donahue provides more detail regarding some Defendants' personal involvement in his medical care.[62] However, it is well settled that a plaintiff cannot amend his pleadings through a brief in opposition to a motion to dismiss.[63]

If Donahue does not timely file a second amended complaint that cures his numerous pleading deficiencies, dismissal of his claims without prejudice will automatically convert to dismissal with prejudice. This case will then proceed only as to his Section 1983 claim against Wellpath, LLC.

---

[61]   *See* LOCAL RULE OF COURT 5.1.
[62]   *See* Doc. 25 at 2-4.
[63]   *Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

### III.   CONCLUSION

Based on the foregoing, the Court will dismiss most of the claims in Donahue's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Donahue will have the option of filing a second amended complaint or proceeding with the single Section 1983 claim against Wellpath, LLC.  An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge