IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY B. DONAHUE, | No. 4:24-CV-00513 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WELLPATH CORPORATION, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

SEPTEMBER 24, 2024

Plaintiff Kelly B. Donahue filed the instant *pro se* civil rights lawsuit in March 2024.[1] He is suing multiple state officials under 42 U.S.C. § 1983 for constitutional deprivations regarding allegedly inadequate medical care.

Donahue, however, has had significant difficulties with his *pro se* pleadings. His first complaint was dismissed primarily because he had failed to allege personal involvement or deliberate indifference by any named Defendant.[2] Donahue filed an amended complaint,[3] which contained many of the same problems as his original complaint. That is, Donahue once again failed to plausibly allege personal involvement or deliberate indifference for most of the named Defendants.[4] The Court gave Donahue the option of proceeding with the

---

[1] Doc. 1.
[2] *See* Doc. 11 at 4-8.
[3] Doc. 13.
[4] *See* Doc. 29 at 5-8.

single claim he had plausibly stated against Wellpath, LLC, or filing a final second amended complaint.[5]  The Court also gave Donahue specific instructions if he chose to amend his pleadings, including abiding by Federal Rule of Civil Procedure 8.[6]

Donahue opted to file a second amended complaint but did not heed this Court's instructions.  His second amended complaint is *70 pages* in length and contains *628 paragraphs*, appearing to provide a day-by-day (and sometimes hour-by-hour) breakdown of his medical issues and treatment for a two-and-a-half year time period.[7]  In no way could Donahue's pleading be considered a "short and plain statement" of his claims for relief.

Donahue, moreover, has disregarded this Court's explicit pleading directions in multiple ways, including by providing numerous citations and quotations from case law[8] when he was specifically admonished that he "may not include legal standards, legal argument, or citations to legal authority unless absolutely necessary to plead a claim[.]"[9]  Donahue also appears to have included defendants who were involved only with the grievance process, even though he was explicitly warned against doing so.[10]  Additionally, Donahue attempts to include claims

---

[5]   *See id.* at 16-17.
[6]   *See id.*
[7]   *See generally* Doc. 31.
[8]   *See, e.g.*, Doc. 31 ¶¶ 5-11, 93-97, 105, 123, 126, 133, 139, 154-56, 159, 214.
[9]   Doc. 29 at 17.
[10]  *See id.* at 16.

2

against different Defendants that are unrelated to his Eighth Amendment medical care claims,[11] thus violating Federal Rule of Civil Procedure 20(a)(2).

"Taken together, Rules 8(a) and 8([d])(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules."[12]  A statement must be plain "to give the adverse party fair notice of the claim asserted so as to enable [the party] to answer and prepare for trial," and must be short to avoid placing "an unjustified burden on the court and the part[ies] who must respond to it because they are forced to select the relevant material from a mass of verbiage."[13]  As the United States Court of Appeals for the Third Circuit has explained, "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint," especially after the litigant has been given an opportunity "to better tailor [his] pleading."[14]

Donahue—a serial *pro se* litigant—should understand by now what is required under Rule 8 of the Federal Rules of Civil Procedure.  Not only does his overly complicated and excessively verbose pleading burden the Court, it also makes it nearly impossible for Defendants to respond to his allegations.

---

[11]  *See, e.g.*, Doc. 31 ¶¶ 298-316 (discussing COVID-19 virus issues).
[12]  *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 1217 at 169 (2d ed. 1990)).
[13]  *Folk v. Bureau of Prisons*, No. 21-1543, 2021 WL 3521143, at *3 (3d Cir. Aug. 11, 2021) (nonprecedential) (second alteration in original) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).
[14]  *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019), *cert. denied*, __ U.S. __, 140 S. Ct. 1611 (2020) (alteration in original).

Consequently, the Court will dismiss his second amended complaint without prejudice and give him one final opportunity to follow this Court's directions and the Federal Rules of Civil Procedure.  The Court strongly advises Donahue to heed the following pleading instructions:

- The third amended complaint should be a stand-alone document, complete in itself and without reference to any previous pleading.

- The third amended complaint should set forth Donahue's claim or claims in *short, concise, and plain statements*, and in sequentially numbered paragraphs.  Donahue may—like in his second amended complaint—divide his pleading into his claims against each Defendant, as this enables better understanding of his allegations against each of the many Defendants he is attempting to sue.

- Donahue must leave one-inch margins on all four sides of his pleading.

- Donahue **may not** include quotations from prior court decisions, legal standards of review, case citations (unless absolutely necessary to describe a claim), or legal argument.  Such law and arguments are unnecessary to plead a claim under Federal Rule of Civil Procedure 8 and only serve to lengthen and clutter the complaint.

- Donahue must name proper defendants and *specify the offending actions taken by a particular defendant*.  He is admonished that he must comply with Federal Rule of Civil Procedure 20(a)(2) if attempting to join multiple defendants in a single action.

- Donahue is again reminded that involvement in the post-incident grievance process, without more, does not constitute personal involvement for a Section 1983 claim.

Failure to comply with these specific instructions will result in the Court striking the third amended complaint from the record.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY**

**ORDERED** that:

1. Donahue's second amended complaint (Doc. 31) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 8.

2. Donahue shall have **21 days** from the date of this Order in which to file an appropriate pleading that complies with the Federal Rules of Civil Procedure, the Local Rules of Court,[15] and today's Order.

3. If Donahue fails to comply with this Court's specific instructions, the Court will strike any noncompliant amended pleading from the record and may dismiss this case with prejudice.

4. In light of the foregoing paragraphs, Defendants' pending motion to dismiss (Doc. 32) and Donahue's pending motion for appointment of counsel (Doc. 14) are **DISMISSED** as moot and without prejudice.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[15] Relevant portions of the Federal Rules of Civil Procedure and the Middle District of Pennsylvania Local Rules of Court were mailed to Donahue at the outset of this case. *See* Doc. 3; Doc. 3-4.