IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY B. DONAHUE, | No. 4:24-CV-00513 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WELLPATH LLC, *et al.*, | |
| Defendants. | |

**ORDER**

**JANUARY 22, 2026**

In early 2024, plaintiff Kelly B. Donahue filed the instant Section 1983 civil rights lawsuit in this Court.[1] His claims sound in Eighth Amendment deliberate indifference to serious medical needs. The operative pleading in this action is Donahue's Third Amended Complaint—his fourth pleading attempt.[2]

In addition to suing Wellpath, LLC (Wellpath), Donahue sues multiple medical providers at SCI Frackville, including Nicole Boguslaw, Megan Delpais, Donald O'Brien, William Knappenberger, Kacie Harris, Crystal Ewaskiwicz, and Cynthia Gronski.[3] Of these providers, Boguslaw, Delpais, O'Brien, and Harris are current or former employees of Wellpath.[4]

---

[1] *See generally* Doc. 1.
[2] *See generally* Doc. 36.
[3] *See id.* at 2. Donahue also sues SCI Frackville Superintendent Kathy Brittain, C.H.C.A. Beth Herb, and grievance coordinator Beth Lazusky.
[4] *See* Doc. 64 at 6.

As more fully set forth in prior docket entries, Wellpath filed for Chapter 11 Bankruptcy in November 2024.[5] Pursuant to the automatic stay entered in the bankruptcy proceedings,[6] the Court stayed and administratively closed the instant case.[7] Following the bankruptcy court lifting the automatic stay, the Court reopened this case and directed the parties to refile any motions that were previously terminated due to the stay and administrative closure.[8]

As part of that motion practice, defendants Wellpath, Boguslaw, Delpais, O'Brien, and Harris sought dismissal of all claims against them pursuant to the Chapter 11 bankruptcy proceedings and confirmed Chapter 11 Plan.[9] More specifically, Wellpath asserted that all pre-petition claims against it (the Debtor) were discharged in bankruptcy.[10] And Boguslaw, Delpais, O'Brien, and Harris maintained that Donahue had failed to affirmatively opt out of the Plan's Third-Party Release, thus enjoining Donahue from pursuing any pre-petition claims against them in this Section 1983 lawsuit.[11]

In response, Donahue alleged in a September 8, 2025 filing that he had not received notice of the Third-Party Release and opt-out provision or the official opt-

---

[5] *See generally* Docs. 41, 46; *In re: Wellpath Holdings, Inc.*, No. 4:24-bk-90533 (Bankr. S.D. Tex.).
[6] *See In re: Wellpath Holdings, Inc.*, No. 4:24-bk-90533, Doc. 1480 ¶¶ 1-3 (Bankr. S.D. Tex. Feb. 19, 2025); 11 U.S.C. § 362(a).
[7] *See* Doc. 46.
[8] *See* Doc. 48.
[9] *See* Doc. 62.
[10] *See id.* ¶¶ 8-11.
[11] *See id.* ¶¶ 12-22.

out form to file in the bankruptcy proceedings.[12]  Notably, it does not appear that Donahue took any action to protect his rights in the bankruptcy court before or after submission of his September 8, 2025 filing.

Wellpath, Boguslaw, Delpais, O'Brien, and Harris responded to Donahue's September 8 filing by providing extensive documentation and sworn evidence of the notice duly provided to Donahue regarding the Chapter 11 Plan and its Third-Party Release and opt-out requirement.[13]  First, Defendants noted that it was undisputed that Donahue had notice of the Chapter 11 bankruptcy proceedings, including the suggestion of bankruptcy,[14] a copy of the Chapter 11 petition,[15] and a copy of the automatic stay order,[16] which were served on Donahue and the other defendants in this case.[17]

Second, Defendants provided substantial documentary proof that Donahue was served on March 24, 2025, via next-business-day mail with the following bankruptcy-related documents: the Disclosure Statement, Solicitation and Voting Procedures, Debtor Cover Letter, Committee Letter, Confirmation Hearing Notice, and Class 6 Ballot and Return Envelope.[18]  Additionally, on April 11, 2025,

---

[12] *See* Doc. 65.
[13] *See generally* Doc. 67.
[14] Doc. 41.
[15] Doc. 41-1.
[16] Doc. 41-2.
[17] *See* Doc. 41-3.
[18] *See* Doc. 67-1 at 5 ¶ 4; Doc. 67-4 at 93.

3

Donahue was served with the same documents via First Class mail through his Department of Corrections Smart Communications mailing address.[19] Included in these documents is express notice of the Third-Party Release and notice of the requirement to opt out of the Third-Party Release to avoid relinquishment of pre-petition claims against current or former Wellpath employees.[20] Accordingly, Defendants have provided extensive evidence that Donahue was properly served (on multiple occasions) with notice of the Third-Party Release and the opt-out requirement.[21]

    Even assuming, for the sake of argument, that Donahue did not receive these notices in March and April 2025, Donahue has provided <u>no</u> allegation or evidence that he has taken any steps to protect his rights in the bankruptcy court against any non-Debtor defendant. As Defendants noted in their November 19, 2025 responsive filing, Donahue "may have remedies still available to him in the Bankruptcy Court," including a motion to challenge lack of service, a motion to quash service, or a due process argument.[22]

---

[19] *See* Doc. 67-5 at 4 ¶ 5 & n.3 (noting that "[m]aterials sent to incarcerated parties were via hardcopy, without staples, and multiple static materials were assembled into one packet with cover sheets separating each document"); Doc. 67-8 at 47.

[20] *See* Doc. 67-1 at 3, 33; Doc. 67-3 at 25; Doc. 67-4 at 45-61.

[21] This evidence directly contradicts Donahue's assertion, (*see* Doc. 65), that Defendants violated this Court's February 24, 2025 Order (Doc. 46) requiring counsel for Wellpath to provide Donahue with copies of bankruptcy documents that may affect his civil rights case.

[22] *See* Doc. 67 at 6.

This Court has no authority to override the bankruptcy court proceedings or Third-Party Release requirements and ramifications. The Chapter 11 Plan is clear that any pre-petition claims or causes of action against current or former Wellpath employees are "conclusively, absolutely, unconditionally, irrevocably, and forever" released and discharged unless the holder of a claim "affirmatively elected to opt out of the Plan's Third-Party Release."[23] Holders of such claims who did not affirmatively opt out of the Plan's Third-Party Release are expressly enjoined from bringing or pursuing pre-petition claims against those current or former employees.[24] Without any evidence that Donahue has opted out of Wellpath's Chapter 11 Plan's Third-Party Release or otherwise attempted to protect his rights in the bankruptcy proceedings after learning of the opt-out requirement, this Court cannot entertain Donahue's pre-petition claims against current or former employees of Wellpath and they must be dismissed.

Additionally, as noted above, Wellpath filed for Chapter 11 bankruptcy in November 2024. On May 1, 2025 (effective May 9, 2025), the bankruptcy court confirmed the "First Amended Joint Chapter 11 Plan of Reorganization of [Wellpath]."[25] As part of that Chapter 11 Plan Confirmation, any claims or causes

---

[23]  *See In re: Wellpath Holdings, Inc.*, No. 4:24-bk-90533, Doc. 2596 at 132-33 (Bankr. S.D. Tex. May 1, 2025); *id.*, Doc. 2907 at 3 ¶¶ 5-6 (Bankr. S.D. Tex. June 4, 2025).
[24]  *See id.*, Doc. 2907 at 3 ¶ 6 (Bankr. S.D. Tex. June 4, 2025).
[25]  *See id.*, Doc. 2596 (Bankr. S.D. Tex. May 1, 2025); *id.*, Doc. 2680 at 1 (Bankr. S.D. Tex. May 9, 2025).

of action against Wellpath (other than administrative claims properly and timely pursued through the bankruptcy court) accruing before the November 11, 2024 bankruptcy petition date are discharged and released, and the holders of such claims are permanently enjoined from seeking any "judgment, award, settlement, claim, distribution, indemnification right, or any other payment amount resulting from their lawsuit" against Wellpath.[26]  Donahue's claims against Wellpath regarding his medical treatment at SCI Frackville arose prior to the November 11, 2024 petition date,[27] and therefore he is permanently enjoined from pursuing claims against Wellpath as part of this civil lawsuit.  Any claim against Wellpath, consequently, will be dismissed without prejudice to Donahue's right to pursue appropriate relief through the bankruptcy court.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss (Doc. 62) is **GRANTED**.

2. Any and all claims asserted against Third-Party Non-Debtor defendants Nicole Boguslaw, Megan Delpais, Donald O'Brien, and Kacie Harris in the above-captioned action are **DISMISSED** without prejudice to Plaintiff's right to pursue appropriate relief through the bankruptcy court.

---

[26] *See id.*, Doc. 2596 at 134 (Bankr. S.D. Tex. May 1, 2025); *id.*, Doc. 2907 at 2 ¶¶ 3-4 (Bankr. S.D. Tex. May 4, 2025); 11 U.S.C. § 524(a) ("A discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . .").

[27] *See generally* Doc. 36 (filed October 9, 2024).

3. Any and all claims asserted against defendant Wellpath, LLC in the above-captioned action are **DISMISSED** without prejudice to Plaintiff's right to pursue appropriate relief through the bankruptcy court.

4. Wellpath's and Boguslaw's motion to dismiss (Doc. 51) is **DISMISSED** as moot and without prejudice in light of paragraphs 2 and 3 above.

5. Defendant Harris's motion to dismiss (Doc. 53) is **DISMISSED** as moot and without prejudice in light of paragraph 2 above.

6. The Clerk of Court is directed to terminate defendants Wellpath, LLC, Nicole Boguslaw, Megan Delpais, Donald O'Brien, and Kacie Harris.

7. The Court will screen the remaining Section 1983 claims in Donahue's Third Amended Complaint (Doc. 36) as statutorily required by 28 U.S.C. § 1915A(a) in due course. Should any claim or claims survive Section 1915A(a) screening, the Court will then determine how service should be effected on any remaining Defendant or Defendants.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge